UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LESLIE F. RODGERS                                    *
614 Otter Creek Road
Edgewood, MD 21040

       Plaintiff,                                    *
                                              Civil Action No.
v.

SAVINGS FIRST MORTGAGE, LLC          *
100 Painters Mill Road
Suite 800
Owings Mills, MD 21117

    Serve On:
    Marjorie A. Corwin, Esquire          *
    233 E. Redwood Street
    Baltimore, MD 21202

                                    *
       and

HARRY KOROTKI
100 Painters Mill Road                             *
Suite 800
Owings Mills, MD 21117

       Defendants.                                  *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**COMPLAINT**

(Failure to Pay Overtime, Minimum Wage and Commissions – Fair Labor Standards Act;
Maryland Wage Payment and Collection Law)

**Jurisdiction and Venue**

    1.    This is a civil action including claims for damages and relief provided by

the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and the Maryland Wage Payment

and Collection Law, Md. Code, Labor and Employment Article, § 3-501 et seq. Subject matter jurisdiction is conferred on this Court by 29 U.S.C. § 216 (b).

2. At all times material herein, Defendant Savings First Mortgage, LLC (hereinafter sometimes referred to as "SFM") has employed and is employing employees in or about its place of business in the activities of its enterprise engaged in interstate commerce. Said enterprise is engaged in the business of brokering and lending first and second mortgages, which, at all times material herein, has had an annual gross volume of sales made or business done in an amount exceeding $500,000. Therefore, the employees of such enterprise are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Fair Labor Standards Act, and Defendant SFM is and has been at all times material herein an "employer" within the meaning of both the Fair Labor Standards Act, 29 U.S.C § 203(d), and the Maryland Wage Payment and Collection Law, Md. Code, Labor and Employment Article, § 3-501(b).

3. Defendant Harry Korotki is and has been the President of SFM, and, on information and belief, the sole owner of SFM, at all times material herein. Defendant Korotki is and has been, actively engaged in the management and direction of employees, including the Plaintiff, at SFM, including the operation of the mortgage brokering and lending business and employee pay matters, has possessed and exercised authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at SFM. Defendant Korotki is and has been at all times material herein an "employer" within the meaning of both the Fair Labor Standards Act, 29 U.S.C. § 203(d),

and the Maryland Wage Payment and Collection Law, Md. Code, Labor and Employment Article, § 3-501(b).

4.     Venue as to the Plaintiff's Fair Labor Standards Act claim, and all of his claims herein, is properly set in this District, since Defendants SFM and Korotki reside in the District, and have been and are engaged in business in the State of Maryland, where Plaintiff was employed.

5.     Counts III and IV of the Complaint, stating claims under the Maryland Wage Payment and Collection Law, arise out of the same facts and circumstances as Count I alleging violations of the federal Fair Labor Standards Act. Jurisdiction over those Maryland claims is conferred by the Court's power and discretion to assert pendent jurisdiction over related claims.

## General Allegations

6.     Plaintiff was continuously employed by Defendants SFM and Korotki as a Loan Officer from December 17, 2001 until September 24, 2003. Plaintiff was responsible for generating mortgage loans for the SFM and performed the duties described herein.

7.     Plaintiff was, in at least 81 separate workweeks during his employment, required, suffered or permitted to work overtime – that is, more than 40 hours in a workweek. During such workweeks, Plaintiff routinely worked 6 days a week (that is, Monday through Saturday), and often worked more than 50 hours per week. Plaintiff a self-described "workaholic" and was actively encouraged by SFM to work long hours in order to maximize the profits generated for the company.

8. Plaintiff was paid a commission which ranged from 27% to 33% of the Adjusted Gross Profit which he generated for SFM and bonus payments, but was not paid any overtime compensation for such overtime hours worked.

9. Despite requests, Defendants have failed and refused to pay Plaintiff overtime compensation (that is, payment at 1.5 times the employee's regular rate of pay) for all of the overtime work the Plaintiff performed.

10. By failing and refusing to compensate the Plaintiffs as described in paragraph 9, Defendants have underpaid Plaintiff by not less than one half of the employee's regular rate of pay for each overtime hour worked.  Defendants were required by law to record the hours worked by Plaintiff, and Defendants have, or should have, records sufficient to permit a calculation of the overtime hours worked, and the overtime underpayments, for the Plaintiff.  Plaintiff has, to the extent practicable, prepared his own calculation or estimates based on documents or information in his own possession.  Based on his good faith calculation, Plaintiff worked not less than 899.5 hours of overtime during his 93 workweeks of employment but is unable to calculate the overtime underpayments at this time without the commission records in the Defendants' possession.  Plaintiff reserves the right to revise and/or supplement his calculation based on information within the control of Defendants, and to offer appropriate calculation, and request appropriate awards, concerning the amount of overtime hours worked.

11. During at least 10 workweeks, Plaintiff did not receive any compensation from Defendants even though Plaintiff worked not less than 395 hours during such weeks.  Despite requests, Defendants have failed and refused to pay Plaintiff the statutory minimum wage ($5.15 per hour) required by law for his work. Plaintiff reserves the right

to revise and/or supplement his calculation based on information within the control of Defendants, and to offer appropriate calculation, and request appropriate awards, concerning both the hours worked and the amount of minimum wage underpayments.

12. Plaintiff generated 11 separate loans that were pending at the termination of his employment. The amount of commissions earned by Plaintiff with respect to such loans is $21,400.

13. All or substantially all of the pending loans, on information and belief, have been or will soon be closed and funded by SFM.

14. Despite requests, Defendants have failed and refused to pay Plaintiff any of the commissions described in paragraph 12. The unpaid commissions are wages within the meaning of the Maryland Wage Payment and Collection Law, Md. Code, Labor and Employment Article, § 3-501(c)(2)(ii).

15. By virtue of his interest and participation in the business of SFM, and his status as an employer, Defendant Korotki is responsible under the Fair Labor Standards Act and the Maryland Wage Payment and Collection Law, jointly and severally with SFM for any unlawful failure to pay overtime compensation or other wages to Plaintiff.

## COUNT I

(Fair Labor Standards Act -- Overtime)

16. Plaintiff realleges paragraphs 1- 15 of the Complaint, and incorporates herein the allegations of facts and circumstances in those paragraphs.

17. By failing to pay Plaintiff overtime compensation (1.5. times the employee's regular rate of pay) for the overtime work described in paragraph 10, Defendants violated Section 7 of the Fair Labor Standards Act, 29 U.S.C. § 207.

18. Defendants SFM's and Korotkis's violation of the Fair Labor Standards Act was willful.

WHEREFORE, Plaintiff requests judgment against Defendants, jointly and severally, for:

(1) Overtime pay in the amount of the underpayment described in paragraph 10, or in the amount determined from Defendants' records or at trial;

(2) Additional amounts of liquidated damages equal to the backpay amounts described in paragraph 10 or determined at trial, as authorized by 29 U.S.C. § 216 (b);

(3) Plaintiff's reasonable attorney fees and costs or this action, as authorized by 29 U.S.C. § 216(b); and

(4) Such other further relief as the Court may deem appropriate.

## COUNT II

(Fair Labor Standards Act -- Minimum Wage)

19. Plaintiff realleges paragraphs 1- 18 of the Complaint, and incorporates herein the allegations of facts and circumstances in those paragraphs.

20. By failing to pay Plaintiff the statutory minimum wage ($5.15 per hour) for the work described in paragraph 11, Defendants violated Section 6 of the Fair Labor Standards Act, 29 U.S.C. § 206.

21. Defendants SFM's and Korotkis's violation of the Fair Labor Standards Act was willful.

WHEREFORE, Plaintiff requests judgment against Defendants, jointly and severally, for:

(1) Minimum wages in the amount of $2,304.25, or in the amount determined from Defendants' records or at trial;

(2) Additional amounts of liquidated damages equal to the backpay amounts described in paragraph 10 or determined at trial, as authorized by 29 U.S.C. § 216 (b);

(3) Plaintiff's reasonable attorney fees and costs or this action, as authorized by 29 U.S.C. § 216(b); and

(4) Such other further relief as the Court may deem appropriate.

## COUNT III

(Maryland Wage Payment and Collection Law)

22. Plaintiff realleges paragraphs 1- 21 of the Complaint, and incorporates herein the allegations of facts and circumstances in those paragraphs.

23. By failing to pay Plaintiff the overtime and minimum wages described in paragraphs 10 and 11, Defendants violated the Maryland Wage Payment and Collection Law, Md. Code, Labor and Employment Article, § 3-501, et seq.

24. Defendants' violation of the Maryland Wage Payment and Collection Law "was not a result of a bona fide dispute" under the Maryland statute.

WHEREFORE, Plaintiff requests judgment against Defendants, jointly and severally, for:

7

(1) Three (3) times the overtime and minimum wage underpayments described in paragraphs 10 and 11, or in amounts determined from Defendants' records or at trial; as authorized by Md. Code, Labor and Employment Article, § 3-507.1(b).

(2) Plaintiff's reasonable attorney fees and costs of this action, as authorized by Md. Code, Labor and Employment Article, § 3-507.1(b).

(3) Such other and further relief the Court may deem appropriate.

## COUNT IV

(Maryland Wage Payment and Collection Law)

25. Plaintiff realleges paragraphs 1-24 of the Complaint, and incorporates herein the allegations of facts and circumstances in those paragraphs.

26. By failing to pay Plaintiff the wages described in paragraph 12, Defendants violated the Maryland Wage Payment and Collection Law, Md. Code, Labor and Employment Article, § 3-501 et seq.

27. Defendants' violation of the Maryland Wage Payment and Collection Law "was not a result of a bona fide dispute" under the Maryland statute.

WHEREFORE, Plaintiff requests judgment against Defendants, jointly and severally, for:

(1) Unpaid wages in the amount described in paragraph 12, or in the amounts determined from Defendants' records or at trial;

(2) Three (3) times the unpaid wages described in the preceding subsection; as authorized by Md. Code, Labor and Employment Article, § 3-507.1(b).

(3)   Plaintiff's reasonable attorney fees and costs of this action, as authorized by Md. Code, Labor and Employment Article, § 3-507.1(b).

(4)   Such other and further relief the Court may deem appropriate.

Respectfully submitted,

_____
Bradford W. Warbasse
Suite 407
The Can Company
2400 Boston Street
Baltimore, MD 21224
(410) 276-8808

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury upon all issues as to which he is entitled to a jury trial.

                                                Respectfully submitted,

                                                _____
                                                Bradford W. Warbasse
                                                Suite 407
                                                The Can Company
                                                2400 Boston Street
                                                Baltimore, MD 21224
                                                (410) 276-8808

                                                Attorney for Plaintiff